People v Eisen
2026 NY Slip Op 50705(U)
April 30, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Right to Speedy Trial--Excludable Time

The People of the State of New York, Respondent,
v
Joshua Eisen, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts
Decided on April 30, 2026
2024-636 RO CR
Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Ronald L. Kuby, for appellant.

Edward H. Livingston, for respondent.

Appeal from a judgment of the Justice Court of the Town of Orangetown, Rockland County (Patrick J. Loftus, J.), rendered June 14, 2024. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence. The appeal brings up for review an order of that court dated October 16, 2023 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
[*1]
ORDERED that the judgment of conviction is affirmed.
On December 23, 2021, a criminal action was commenced against defendant in the Justice Court of the Town of Clarkstown by the filing of a "misdemeanor information" which charged defendant with aggravated harassment in the second degree (Penal Law § 240.30 [2]) (index No. 21120598).FN1 In February 2023, defendant moved in the Justice Court of the Town of Orangetown, [*2]to dismiss the information on the ground that his statutory right to a speedy trial had been violated. The People opposed the motion, to which defendant replied. By order dated October 16, 2023, the Justice Court (Patrick J. Loftus, J.) denied the motion, finding that less than 90 days of delay were chargeable to the People. On June 14, 2024 defendant pleaded guilty to disorderly conduct (Penal Law § 240.20), and was sentenced to an unconditional discharge.
The sole issue raised on appeal is whether the Justice Court properly denied defendant's statutory speedy trial motion. On appeal, neither defendant nor the People dispute the Justice Court's determination that the People (1) were chargeable with 21 days of delay from the commencement of the case on December 23, 2021 to defendant's arraignment on January 13, 2022, (2) were not chargeable with any time from January 13 to March 10, 2022, (3) were not chargeable with any time from April 7, 2022 (when the Orange County District Attorney requested to be relieved) to April 26, 2022 (when Judge Warhit sent an email regarding the request), (4) were chargeable with the 39 days of delay from July 21, 2022 (when a Special District Attorney was appointed) to August 29, 2022 (when the People filed a valid supplemental statement of readiness [SOR]), (5) were not chargeable with any time from October 6, 2022 (when a valid supplemental SOR was filed) to October 20, 2022 (when the Special District Attorney requested that his appointment be vacated), and (6) were not chargeable with any time from November 23, 2022 (when the Rockland County District Attorney requested the appointment of a new Special District Attorney) to November 30, 2022 (when a new Special District Attorney was appointed).
The People had 90 days from the filing of the accusatory instrument on December 23, 2021 to announce their readiness for trial since the offense charged was a class A misdemeanor (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). Moreover, as of January 2020, absent an individualized finding of special circumstances, the filing of a proper Certificate of Compliance (COC) is a prerequisite to the People being ready for trial pursuant to CPL 30.30 (see CPL 30.30 [5]; 245.20, 245.50 [3];FN2 People v Bay, 41 NY3d 200 [2023]; People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
A review of the record indicates that the 28-day period from March 10, 2022 to April 7, 2022 was excludable pursuant to CPL 30.30 (4) (b) as a consent adjournment since, on March 10th, at the request of defense counsel who informed the court that he was going to Hawaii, the case was adjourned to April 7th.
Defendant argues that the 86 days from April 26, 2022 (when Judge Warhit sent an email stating that the case would remain with the Orange County District Attorney until another special prosecutor was appointed) to July 21, 2022 (when a Special District Attorney was appointed) were [*3]chargeable to the People. We disagree. The April 26 email was of no consequence and merely noted, in effect, that the Orange County District Attorney's April 7, 2022 request to withdraw was still pending. Consequently, these 86 days were excludable pursuant to CPL 30.30 (4) (g) as an exceptional circumstance for the appointment of a special prosecutor (see People v Morgan,273 AD2d 323 [2000]; People v Crandall, 199 AD2d 867 [1993]; People v Crandall, 185 AD2d 478 [1992]; People v Clark, 174 Misc 2d 324, 325-326 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]).
Defendant argues that 38 days of delay are chargeable to the People for the period of August 29, 2022 (when the Special District Attorney submitted a supplemental SOR containing a CPL 30.30 [5-a] statement) to October 6, 2022 (when the Special District Attorney submitted a second superseding information and another supplemental SOR containing a CPL 30.30 [5-a] statement) because the superseding information filed in August 2022 charging defendant with aggravated harassment in the second degree (Penal Law § 240.30 [2]) was jurisdictionally defective.
Penal Law § 240.30 (2) employs the phrase "With intent to harass or threaten another person, he or she makes a telephone call," while the accusatory part of the superseding information filed in August 2022 stated that a person is guilty of aggravated harassment in the second degree when he or she makes a telephone call "with intent to harass, annoy, threaten or alarm another person." The factual portion of that information alleged that defendant's actions "caused the complainant to become harassed, annoyed and alarmed." We find that despite the fact that the August 2022 information contained surplusage in the form of the words "annoy" and "alarm," it was facially sufficient as it alleged, among other things, that defendant intended to harass the complainant and that the complainant did in fact become harassed. Moreover, for pleading purposes, the requisite mental state may be alleged on the basis of a logical implication of the act itself or upon the surrounding circumstances (see e.g. People v Bracey, 41 NY2d 296, 301 [1977]; People v McGee, 204 AD2d 353 [1994]; People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Ramnauth, 8 Misc 3d 128[A], 2005 NY Slip Op 50968[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]), and we find that, contrary to defendant's contention, the factual allegations of the August 2022 superseding information were sufficient to infer that defendant's acts were done with the intent to harass.
The law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather " '[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d 354, 360 [2000]; see People v Sedlock, 8 NY3d 535, 538 [2007]), and "reasonable inferences" should be drawn "from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]; see People v Drelich, 32 NY3d 1032, 1032-1033 [2018]). Consequently, as we find that the superseding information alleged nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; Casey, 95 NY2d 354; People v Alejandro, 70 [*4]NY2d 133 [1987]), it was facially sufficient and, thus, no time is chargeable to the People for the period of August 29, 2022 to October 6, 2022.
Defendant argues that the 33 days from October 21, 2022 (when the Special District Attorney informed Judge Gerber of his request to Judge McCarty to have his appointment vacated) to November 23, 2022 (when the Rockland County District Attorney requested the appointment of a new Special District Attorney) was chargeable to the People. We disagree. It is of no import that the Rockland County District Attorney did not request the appointment of a new Special District Attorney until a little more than a month after the Special District Attorney had formally requested that his appointment be vacated, and a little less than a month after Judge McCarty removed the Special District Attorney from the case on October 25, 2022, since the entire period from October 20, 2022 (when the Special District Attorney made his written request to Judge McCarty to vacate his appointment) until a new Special District Attorney was appointed on November 30, 2022 was part of the process of appointing a special prosecutor and, therefore, was excludable pursuant to CPL 30.30 (4) (g) as an exceptional circumstance (see Morgan, 273 AD2d 323; Crandall, 199 AD2d 867; Crandall, 185 AD2d 478; Clark, 174 Misc 2d at 325-326).
Defendant argues that the 40 days from November 30, 2022 (when Judge McCarty appointed a new Special District Attorney) to the January 9, 2023 adjourn date were chargeable to the People because, among other things, the new Special District Attorney had "inherited the case in a 'not ready' posture." Trial readiness pursuant to CPL 30.30 means "both a communication of readiness by the People on the record and an indication of present readiness" (People v England, 84 NY2d 1, 4 [1994]; see People v Brown, 28 NY3d 392, 403 [2016]; People v Kendzia, 64 NY2d 331, 337 [1985]). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (England, 84 NY2d at 4; see Brown, 28 NY3d at 404). Here, however, contrary to defendant's contention, there is no indication that the People were not actually ready when SORs were submitted on August 29, 2022, September 19, 2022 and October 6, 2022 and, therefore, the new Special District Attorney inherited a trial-ready case upon his appointment. We note that Clark (174 Misc 2d at 325-326) is distinguishable as the People there had never announced their readiness, whereas the case at bar was in a post-readiness posture when the new Special District Attorney was appointed. Consequently, no time is chargeable to the People for the period of November 30, 2022 to January 9, 2023.
In view of the foregoing, less than 90 days of delay were chargeable to the People. Consequently, the Justice Court properly denied defendant's statutory speedy trial motion.
Accordingly, the judgment of conviction is affirmed.
WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: April 30, 2026

Footnotes

Footnote 1
By order of the Rockland County Court (Larry S. Schwartz, J.) dated February 7, 2023, the case was transferred to the Justice Court of the Town of Orangetown, where it was assigned index No. 2302492.

Footnote 2
The New York State Legislature amended CPL article 245 and CPL 30.30 (5) effective August 7, 2025 (see L 2025, ch 56, part LL §§ 1-5, 7).